## THE MAJESTIC.

## OCEANIC STEAM NAVIGATION CO. v. POTTER et al.

### (Circuit Court of Appeals, Second Circuit. May 7, 1894.)

### No. 65.

CIRCUIT COURT OF APPEALS — CERTIFICATE TO SUPREME COURT — SHIPPING — DAMAGE TO PASSENGERS' BAGGAGE.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Grace Howard Potter and others against the steamship Majestic (the Oceanic Steam Navigation Company, claimant), to recover damages for injury to their luggage while being carried as passengers from Liverpool to New York. The district court entered a decree for libelants. 56 Fed. 244. The claimant appealed to this court, which on March 12, 1894, rendered a decision modifying the decree of the district court so as to limit the recovery in favor of each libelant to the sum of $43.67, with interest. See 9 C. C. A. 161, 60 Fed. 624, where the facts are fully stated. The libelants moved for a reargument, but the same was denied. They thereupon filed the present petition, asking the court to certify the cause to the supreme court of the United States for a decision, upon certain questions of law. The points upon which a decision was desired were stated as follows by the petitioners:

"The following points, which petitioners believe have never yet been determined by any of the courts of the United States, except this court, were discussed by petitioners in their brief, and argued by counsel, and were decided adversely to petitioners: First: (1) That appellant, as appeared from the uncontradicted facts in the case, had issued to petitioners alternative labels for their baggage, directing certain places in the ship, where the baggage, at petitioners' election, might be stowed, and requested petitioners to attach the label selected by them to their baggage upon the voyage in question. (2) That the issue of the aforesaid label under the conditions aforesaid, and the subsequent attaching of the same to the baggage, as appears from the uncontradicted facts in the case, constituted a part of the contract for passage between the parties, and that the ship became obligated to carry the baggage on such voyage, in the particular part of the ship designated by the label selected. (3) That the petitioners' baggage, as appears by the uncontradicted facts in the case, on the voyage in question, had been delivered in London to a railway company, as agent of appellant, and by it checked to New York, and marked before delivery to the railway company by petitioners with the label issued by appellant directing it to be stored in the 'hold,' and by the railroad company delivered in good order to the ship, and that the hold proper of the ship contained no portholes. (4) That appellant, as appeared from the uncontradicted facts in the case, failed to stow the said baggage in the hold proper, but stowed it in what is known as 'Orlop No. 3,' a different part of the ship, containing portholes, one of which became broken by an unanticipated peril of the sea, whereby the said package became damaged. (5) That the appellant, by storing the baggage elsewhere than directed by the label selected, deviated from the contract, and thereby became an insurer of the baggage against all loss and damage, even as against unavoidable accident and perils of the sea. * * * Second: (1) That appellant, as appeared from the uncontradicted facts in the case, was guilty of negligence in stowing and caring for said baggage on the voyage afore-

said, and in failing to inspect it and protect it from injury by the breaking of said porthole, especially as appellant, although labeled for the 'hold' with appellant's own label, had placed the said baggage in orlop No. 3, and not in the 'hold' proper, where there were portholes, and had failed to inspect said portholes, one of which portholes had become broken by an unanticipated peril of the sea. (2) That the stipulation in the contract ticket, even if accepted by libelants, did not, so far as it purported to limit or relieve the appellant's liability, operate in law to relieve appellant from its own negligence in stowage or to limit its liability in case of such negligence, and that, so far as it might be held to so limit or relieve the liability of appellant, it was contrary to public policy and void. * * * As petitioners are informed and believe, the questions governing the liability of steamship carriers at sea for injury to baggage by negligent stowage and other causes arising under tickets and baggage labels of the character issued to the petitioners in this case are wholly novel, and have never been passed upon by any of the courts of the United States in admiralty, except in this case, and it is important, for the protection of all persons traveling on the sea under contract tickets of such character issued by British steamship companies operating steamers to and from various ports in the United States, that the supreme court of the United States should finally, and after careful consideration, decide all questions affecting and concerning tickets of such character, especially as the decisions of the state courts in such cases are by no means uniform. * * * Wherefore petitioners respectfully pray that this court may certify the following specific questions of law, and each of the same, to the supreme court of the United States for its consideration thereupon, upon the entire record in the case: (1) Whether the issue of the alternative labels to the petitioners, and the use of the same by them, at request of appellant, constitute a part of the contract between the ship and passenger. (2) If so, whether the ship did not, upon failure to stow the baggage marked with the label selected, in the place indicated by it, so deviate from the contract as to become an insurer of the safety of the baggage, against all injury and damage from any cause whatsoever. (3) Whether the ship was not guilty of negligence in stowing and caring for the baggage in question, on the undisputed facts in the case, and particularly in view of the manner in which the baggage had been labeled and the character of the place in which it was directed by the label to be stowed. (4) If so, whether the stipulation in the contract ticket, in so far as the same sought to relieve the claimant from or limit its liability for damage caused by its own negligence in stowage, is not contrary to public policy and void under the general maritime law, the law of the United States, and the law of England; and, if valid, whether the same, on its face, is applicable to the present case, in view of the uncontradicted facts in the case."

Everett P. Wheeler, for appellant.

Cary & Whitridge, for appellees.

Petition denied.